UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 13 |
| Warren C. Krueger,<br>　　　　　Debtor. | Case No. 10−20528−mdm |

| | |
|---|---|
| Warren C. Krueger<br>　　　　　Plaintiff.<br>　v.<br>CitiMortgage Inc<br>Citimortgage Inc.<br>Carrington Mortgage Services<br>Christiana Trust<br>Rushmore Loan Management Services LLC<br>et al.　　　　　Defendants. | Adversary No. 13−02707−mdm |

## JUDGMENT ON STIPULATION

Take notice that a judgment is hereby entered incorporating the terms of the attached Order on Stipulation Resolving Adversary Complaint for the Property Located at 344 4th Street, Neenah, Wisconsin 54956.


Dated: September 11, 2014　　　　　　　　**JANET L. MEDLOCK**
　　　　　　　　　　　　　　　　　　　　Clerk of Court

　　　　　　　　　　　　　　　　　　　　By:　Anne G.
　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 11, 2014



Margaret Dee McGarity
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 13 |
| Warren C. Krueger, | Case No. 10-20528-mdm |
| Debtor. | |

| | |
|---|---|
| Warren C. Krueger, | Adversary Case No.: 13-02707-mdm |
| Plaintiff, | |
| v. | |
| CitiMortgage Inc, | |
| Citimortgage Inc., | |
| Carrington Mortgage Services, | |
| Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as trustee for Normandy Mortgage Loan Trust, Series 2013-8, | |
| Defendants. | |

### ORDER ON STIPULATION RESOLVING ADVERSARY COMPLAINT
### FOR THE PROPERTY LOCATED AT
### 344 4TH STREET, NEENAH, WISCONSIN 54956

The Court having reviewed the Stipulation between the plaintiff and the defendant,

Rushmore Loan Management Services LLC, as servicer for Christiana Trust, a Division of

<u>Drafted by:</u>
Attorney Heather Hecimovich Hough
Cummisford, Acevedo & Associates, LLC
7071 S. 13th Street, Suite 100
Oak Creek, WI 53154
414-761-1700 Office
414-761-3550 Facsimile

1

Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-8, its successors, servicing agents and/or assignees (hereinafter collectively "defendant"), and all the proceedings herein,

**IT IS HEREBY ORDERED** that the stipulation is in all respects approved. The terms are:

1) That the defendants' lien and its Proof of Claim Number 3-1, shall be treated as a general unsecured claim in the amount of $61,898.37 throughout Debtors' Chapter 13 bankruptcy and the unsecured claim shall be paid pro rata with the other timely-filed unsecured claims.

2) That upon the completion of the Chapter 13 Plan and the entry of the discharge order in the Debtor's case, number 10-20528-mdm, the mortgage of the defendant, dated March 2, 2006, which mortgages encumbered property commonly known as 334 4th Street, Neenah, Wisconsin 54956, and was recorded with the Register of Deeds for Winnebago County on March 8, 2006, Document Number 1390661, shall be deemed satisfied.

    The real property is described as follows:

    LOT EIGHTY THREE (83) BLOCK "B", PLAT OF TOWN OF THE ISLAND, FIFTH WARD, CITY OF NEENAH, WINNEBAGO COUNTY, WISCONSIN, EXCEPTING THEREFROM THE WEST 60 FEET THEREOF.

3) That upon completion of the debtor's Chapter 13 plan and the entry of the Chapter 13 discharge order in his Chapter 13 bankruptcy, the debtor may record a certified copy

of this order, with a copy of the Chapter 13 discharge order attached, with the Winnebago County Register of Deeds to effectuate the satisfaction of the mortgage.

4) That in the event the holder of a senior mortgage upon the plaintiffs' real estate forecloses its mortgage and thereby extinguishes the defendant's mortgage prior to the plaintiffs' plan completion and discharge receipt, the defendant's lien shall attach to any surplus proceeds from the foreclosure sale for the full amount of the remaining loan balance.

5) That in the event the plaintiffs' bankruptcy case is dismissed or converted prior to the issuance of a discharge, the defendant's mortgage will not be modified by this bankruptcy proceeding.

6) That the $2,672.18 paid to defendant while the second lien mortgage was deemed secured was applied to tax payments on plaintiff's behalf and will not be reimbursed to plaintiff.

**IT IS FURTHER ORDERED** that the adversary proceeding will be dismissed subject to the terms of this Order.

#####

3